UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                              §
                                    §
Sanders, Matthew E                  §   Case No. 10-57582
                                    §
                                    §
              Debtor(s)             §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
       . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                     $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

      5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

      6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/Joseph A. Baldi, Trustee_____
                                                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 1
Exhibit A

| Case No: | 10-57582 | ERW | Judge: Eugene R. Wedoff | Trustee Name: | Joseph A. Baldi, Trustee |
| --- | --- | --- | --- | --- | --- |
| Case Name: | Sanders, Matthew E | | | Date Filed (f) or Converted (c): | 12/30/10 (f) |
| | | | | 341(a) Meeting Date: | 02/18/11 |
| For Period Ending: | 10/20/12 | | | Claims Bar Date: | 06/29/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. chase checking | 400.00 | 0.00 | | 0.00 | FA |
| 2. Houesehold goods | 800.00 | 0.00 | | 0.00 | FA |
| 3. Books | 100.00 | 0.00 | | 0.00 | FA |
| 4. clothes | 200.00 | 0.00 | | 0.00 | FA |
| 5. Jewlery | 500.00 | 0.00 | | 0.00 | FA |
| 6. Musical instruments: 4 Guitars, amps | 2,000.00 | 0.00 | | 0.00 | FA |
| 7. Term Life insurance- from job- no cash value | 0.00 | 0.00 | | 0.00 | FA |
| 8. 401 K just started | 100.00 | 0.00 | | 0.00 | FA |
| 9. 2001 Toyota camry (117,000 miles) | 2,000.00 | 0.00 | | 0.00 | FA |
| 10. Inheritance proceeds (u) | 0.00 | 0.00 | | 48,630.47 | FA |
| Debtor was entitled to receive a portion of the Debtor's aunt's probate; Trustee asserted an interesrt in the probate estate; Trustee collected Debtor's interest upon distribuiton from the probate estate. | | | | | |

| | | | | | Gross Value of Remaining Assets |
| --- | --- | --- | --- | --- | --- |
| TOTALS (Excluding Unknown Values) | $6,100.00 | $0.00 | | $48,630.47 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Potential interest in probate estate--will keep open to see if any interest after probate claims paid

Initial Projected Date of Final Report (TFR): 06/30/13     Current Projected Date of Final Report (TFR): 06/30/13

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 3)*                                                                     Ver: 17.00b

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 10-57582 -ERW | | Trustee Name: | Joseph A. Baldi, Trustee |
| --- | --- | --- | --- | --- |
| Case Name: | Sanders, Matthew E | | Bank Name: | Congressional Bank |
| | | | Account Number / CD #: | *******8662 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******1983 | | | |
| For Period Ending: | 10/20/12 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | | 0.00 |
| 10/12/12 | 10 | PATRICIA PLOSAJ TRUST<br>%ATG Trust Company<br>Fiduciary Account<br>1 South Wacker Dr, Suite 2400<br>Chicago, IL 60606 | INHERITANCE - TRUST | 48,630.47 | | | | | 48,630.47 |

| Account *******8662 | Balance Forward | 0.00 | | 0 Checks | 0.00 |
| --- | --- | --- | --- | --- | --- |
| | 1 Deposits | 48,630.47 | | 0 Adjustments Out | 0.00 |
| | 0 Interest Postings | 0.00 | | 0 Transfers Out | 0.00 |
| | Subtotal | $ 48,630.47 | | | |
| | | | | Total | $ 0.00 |
| | 0 Adjustments In | 0.00 | | | |
| | 0 Transfers In | 0.00 | | | |
| | Total | $ 48,630.47 | | | |

Page 1

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: October 20, 2012

Case Number: 10-57582
Debtor Name: Sanders, Matthew E

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000003A 058 5800-00 | IRS - Notice 2010<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Priority | | $1,292.27 | $0.00 | $1,292.27 |
| | Subtotal for Priority 058 | | | $1,292.27 | $0.00 | $1,292.27 |
| 000001 070 7100-90 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $10,516.49 | $0.00 | $10,516.49 |
| 000002 070 7100-90 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 248839<br>Oklahoma City, OK 73124-8839 | Unsecured | | $4,888.19 | $0.00 | $4,888.19 |
| | Subtotal for Priority 070 | | | $15,404.68 | $0.00 | $15,404.68 |
| 000003B 080 7300-00 | IRS - Notice 2010<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Unsecured | | $254.98 | $0.00 | $254.98 |
| | Subtotal for Priority 080 | | | $254.98 | $0.00 | $254.98 |
| | Case Totals: | | | $16,951.93 | $0.00 | $16,951.93 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-57582
Case Name: Sanders, Matthew E
Trustee Name: Joseph A. Baldi, Trustee

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000003A | IRS - Notice 2010 | $ | $ | $ |

Total to be paid to priority creditors    $_____

Remaining Balance    $_____

      The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

      Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

      Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Capital One Bank (USA), N.A. | $ | $ | $ |

      Total to be paid to timely general unsecured creditors    $_____

      Remaining Balance    $_____

      Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000003B | IRS - Notice 2010 | $ | $ | $ |

Total to be paid to subordinated unsecured creditors      $_____

Remaining Balance      $_____

    To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of ____% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $_____. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

    The amount of surplus returned to the debtor after payment of all claims and interest is $_____.