UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Matthew Sanders, | ) | Case No. 10-57582 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date: |
| | ) | Hearing Time: |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant:                    Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:             Estate

Date of Order Authorizing
Employment:                          December 30, 2010

Period for Which
Compensation is sought:              December 30, 2010 to Close of Case

Amount of Fees sought:               $2,727.77

Amount of Expense
Reimbursement sought:                $0.00

This is an:     Interim Application  __          Final Application  _X_

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:  N/A .

Dated:  October 22, 2012                    Joseph A. Baldi, Trustee of the Estate of
                                            Matthew Sanders, Debtor


                                            By:  ___/s/Joseph A. Baldi, Trustee_____
                                                 Joseph A. Baldi, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Matthew Sanders, | ) | Case No. 10-57582 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date: |
| | ) | Hearing Time: |

**First and Final Application for Allowance and Payment of
Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Matthew Sanders ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $2,727.77 as final compensation for services rendered as trustee in this case from December 30, 2010 through the close of this case. In support thereof, Trustee states as follows:

### Introduction

1.      Debtor commenced this case on December 30, 2010 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2.      Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3.      The Estate's primary asset consisted of the Debtor's interest in his aunt's probate estate.

4.      The bar date for filing claims in this case was June 29, 2011.

### Prior Compensation

5.      This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6.     Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

### Services Rendered by Trustee

7.     Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate.  Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A.  Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.     Trustee reviewed the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs.  Trustee conducted an examination of the Debtor pursuant Section 341 of the Code.

B.     Trustee investigated the Debtor's interest in the probate estate of Ms. Plosaj, the Debtor's aunt; the Debtor's interest in the probate estate was not scheduled by the Debtor, nevertheless, the Trustee discovered the potential interest and pursued recovery on behalf of the Estate; Trustee contacted the probate attorney for Ms. Plosaj and asserted the Estate's interest in the probate estate; Trustee continually monitored the administration of the probate estate; ultimately, the probate estate was settled and the Debtor's interest was determined; the Trustee directed the distribution of the Debtor's interest in the probate estate to be paid to the bankruptcy estate; as a result, the Trustee recovered in excess of $48,000.00;

C.     Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

D.     Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

E.      Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

F.      Trustee examined, analyzed and verified proofs of claim filed against the Estate; and

G.      Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

## Funds Collected and Disbursed by Trustee

8.      Trustee has collected the sum of $48,630.47 on behalf of the Estate. Trustee has made $0.00 in disbursements in this case as of the date hereof.

9.      Copies of the *Form I Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to hereto the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

## Compensation Requested

10.     During the period covered by this Application, Trustee has spent 9.30 hours rendering services on behalf of this Estate with a value of $2,498.50.  Trustee estimates that he will spend an additional four hours rendering services with a value of $1,035.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11.     The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above is $2,727.77 as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | $1,250.00 |
| 10% of the next $14,777.65 | $1,477.77 |
| Maximum allowable compensation | $2,727.77 |

The monies estimated to be returned to the Debtor as surplus funds (i.e. $28,852.82) have been excluded from the calculation of the maximum allowable compensation as set forth above.    After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a 100% distribution to general unsecured creditors, plus interest.

12.    Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $2,727.77.    This amount represents reasonable compensation for the services rendered by Trustee and is equal to the maximum allowable compensation as set forth in paragraph 11 above.

13.    An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14.    Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Status of the Case

15.    The Trustee has liquidated or sought to abandon at closing all of the assets of the Estate and has completed his review and analysis of the claims filed against the Estate.

16.    Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Matthew Sanders requests the entry of an order providing the following:

A.    Allowing to Trustee final compensation in the amount of $2,727.77 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from December 30, 2010 through the closing of this case;

4

B.      Authorizing Trustee to make a distribution of the money awarded

above as part of his final distribution in this case; and

C.      For such other and further relief as this Court deems appropriate.

Dated:   October 22, 2012                    Joseph A. Baldi, as trustee of the estate of
                                             Matthew Sanders, debtor


                                             By:_____/s/_____
                                                      Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
19 S. LaSalle St.   Suite 1500
Chicago, IL  60603
(312) 726-8150

5

**Trustee's Final Fee Application**

**Trustee's Itemized Billing Statements**

**Exhibit A**

**Baldi Berg & Wallace, Ltd.**
**19 S. LaSalle Street**
**Suite 1500**
**Chicago, IL 60603**

**Phone:** (312) 726-8150

**Fax:**    (312) 726-5067                                              **FEIN:** 36-4352753

Invoice submitted to:                                          October 20, 2012

                                                               Invoice No:    02107

Joseph A. Baldi, trustee
Baldi Berg & Wallace, Ltd.
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

**In Reference to:**    *Sanders - Trustee*

### Professional Services

| Date | Staff | Description | Hours | Charges |
|------|-------|-------------|-------|---------|
| 3/29/2011 | ALD | Open paper/system file. | 0.10<br>$55.00/ hr | $5.50 |
| 3/29/2011 | ALD | File Initial Report of Assets. | 0.10<br>$55.00/ hr | $5.50 |
| 10/18/2011 | RKP | Review file; phone call (.1) and email (.1) to Kivlahan re: status of probate estate and Debtor's interest | 0.20<br>$190.00/ hr | $38.00 |
| 1/18/2012 | RKP | Email to T. Kivlahan re: status of probate estate and Debtor's interest therein | 0.10<br>$195.00/ hr | $19.50 |
| 1/27/2012 | RKP | Review case file and docket for information needed to prepare Annual Report (.3); update information in system to prepare Form 1 and 2 (.6); edit forms per J. Baldi and prepare for filing (.2). | 1.10<br>$195.00/ hr | $214.50 |
| 9/12/2012 | RKP | Review and respond to email from T. Kivlahan re: probate estate distribution (.2); phone conversation with J. Baldi re: same (.1). | 0.30<br>$195.00/ hr | $58.50 |

**Baldi Berg & Wallace, Ltd**

10/20/2012

Sanders - Trustee

Page    2

| Date | TK | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 9/24/2012 | JAB | Review and respond to email from trust attorney re distribution. | 0.50<br>$450.00/ hr | $225.00 |
| 9/24/2012 | RKP | Review email from T. Kivlahan re: distribution from probate estate; email to J. Baldi re: same. | 0.10<br>$195.00/ hr | $19.50 |
| 9/26/2012 | JAB | Review documents regarding release for distribution, Telephone call to trust attorney re same.  Review claims and case status. | 0.70<br>$450.00/ hr | $315.00 |
| 9/26/2012 | JAB | Review claims filed, process same.  Telephone call to attorney for trust regarding distribution, remaining assets of trust, potential to close estate and pay surplus to debtor. | 1.00<br>$450.00/ hr | $450.00 |
| 10/20/2012 | RKP | Review case file and docket for information to prepare TFR (.3); update system as necessary for preparation of TFR (.6); calculate surplus to debtor and adjusted trustee compensation based upon amount to be paid to debtor (.2); verify proposed distribution and interest to be paid on claims (.2); prepare Trustee's final fee application (1.5); coversheet, notice, proposed order and affidavit (.4); prepare TFR (.6); and NFR (.4); review and edit final report package (.3). | 4.50<br>$195.00/ hr | $877.50 |
| 10/22/2012 | JAB | Review, edit and execute TFR and related documents. | 0.60<br>$450.00/ hr | $270.00 |

|  |  |
|---|---|
| Total Fees | $2,498.50 |
| Total New Charges | $2,498.50 |
| Previous Balance | $0.00 |
| Balance Due | $2,498.50 |

**Timekeeper Summary**

| Name | Hours | Rate |
|---|---|---|
| Clerk- ALD | 0.20 | $55.00 |

**Baldi Berg & Wallace, Ltd**

Sanders - Trustee

| Joseph A Baldi | 2.80 | $450.00 |
| Ricki K Podorovsky | 0.20 | $190.00 |
| Ricki K Podorovsky | 6.10 | $195.00 |

**Trustee's Final Fee Application**

**Rule 2016 Affidavit**

.

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Matthew Sanders, | ) | Case No. 10-57582 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois     )
County of Cook      )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1.      I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2.      I have read the First and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief.  I or my agents pursuant to my direction performed the services set forth and described in the Application.

3.      I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Baldi, Berg & Wallace, Ltd. a law firm at which I was employed during the pendancy of this case.  I have not previously received payment of any compensation for services rendered in connection with this case.

4.      Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on November 8, 2012

_____
Notary Public

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

**Exhibit B**